May it please the Court, my name is Sergei Shevchenko, and I'm here to represent Petitioner Victor Abadiev-Doria. And this case is here to petition this Court to review the final order of removability. The BIA dismissed an appeal from the decision of immigration judge, and we argue that the petitioner was not given a fair trial. Counsel, I have a couple of problems. One is that he never has shown, or he has never shown, what it is that he could have accomplished if he'd been given a continuance. Another is there's never really been a showing of what happened, why the lawyer wasn't there. And the third is it looks as though the immigration judge, as a practical matter, invited a motion to reopen. And the motion to reopen did not offer him what he asked for when he invited it. It didn't really offer him any reasons. It's just a criticism of the previous lawyer. Firstly, the petitioner was admitted to the United States as an immigrant based on a preference petition, as an unmarried son of the lawful permanent resident. So his father is still alive, and subsequently he became a U.S. citizen. So that's that question. Wait, wait. Nothing is before us, is it, or am I mistaken, except whether it was wrong to deny the motion to reopen on account of the denial of a continuance? That's part of the record. A 601 waiver application is a part of the administrative record, and it indicates that the petitioner's father is a U.S. citizen, is here, and he's a qualifying relative. I'm not asking you that. What I'm asking is what issues are before us? The issue that the judge never gave a chance to proceed on the merits. If you look, the close review of the transcript will show that there was a couple of questions, where is your attorney, whether you have some documents. There was no specific. But in this sense, it is disturbing that the I.J. specifically said, if you come back to me in 30 days and give me any supporting evidence or documentation for your claim, and any proof that this lawyer, you know, why the lawyer didn't come, I'll reopen it. And that never happened. To this day, it hasn't happened. I mean, we still don't have any documentation supporting this contention. Well, we were actually, you know, asking to review the immigration judge decision, and if you notice, he – and that was, you know, the service – the trial attorney's contention, there is no qualifying relative. And that was the only question. And judge made a decision. There's nothing to – there is no case. And in fact, you know – Okay. So all you needed to come back with was a piece of paper showing the immigration papers of the father. But that's never shown up in the record. The motion to reopen was filed timely with the immigration judge, but because, if you know – But was any information of the kind that he was looking for ever presented, ever? Now or later? Not at that time. Now? Ever? That's what we were asking the day in the court, you know, to present all the, you know, documents supporting information to make a decision on marriage. But the IHA said if he'll just give it to me in these 30 days, I'll reopen. Well, the statements were made, you know, and we were expecting to be before judge for the hearing. And judge never ruled for the motion to reopen. Therefore, the appeal was filed timely. But did you ever submit any of the – I mean, I think Judge Kleinfeld and I are asking the same question. Is there any – in either motion to reopen, the one filed with the IJ or anything filed with the BIA in terms of a motion to remit or anything else, have you ever submitted any documentation supporting the claim? No. Okay. Why? Well, because the claim was based on procedural grounds. And we were ready to – we were expecting that the judge – well, not me, but the previous attorney – that the decision was going to be made and the documents will be introduced. But the judge told you if you file a motion to reopen with these documents, I'll reopen. And it wasn't done. He never acted on that. But he never got it. He never got a document. He got – what he got was a motion to reopen for ineffective counsel, but still no prima facie case to show there was a case. But the opposition, he never was even given a chance, you know. He never was – you know, he never was asked to proceed, you know. The testimony, like any other evidence, would support the claim, you know. And to me, it appears from – clearly from the record, you know, there was – the judge asked only one question, you know, the final attorney, regarding whether we have a qualifying relative. Kagan. Is it not true that ordinarily when you're making a claim for ineffective assistance of counsel, a motion to reopen for ineffective assistance of counsel, don't our cases say that you have to make some showing of prejudice? That's true generally. But records will show that, first of all, you know, that this was a second appearance or appearance of the applicant in court. He relied on his representative who was supposed to submit the application in timely fashion to supporting documents. If you look in the record, the application was submitted on a deadline, and it actually was fee-in with the service on the same day, you know. It was done in haste. I really feel like you're being nonresponsive, because when the motion to reopen was filed, not at the time of the original hearing, when the motion to reopen was filed on the basis of ineffective assistance of counsel, no attempt was made at that  moment, right? No. It was just made, a statement was made. All right. Ordinary. And you agree that the case law requires some showing that if there was a reopening for ineffective assistance, there was some chance the guy could win. Unless there's a clear evidence in the record in front of a judge. Like in this particular case, you know, even from the questioning, you know, you'll see the responses of the applicant would show he was unaware what was going on, you  know, and usually Meadow-Plazada cases and the other. I'm not aware of that time, but whatever lawyer filed the motion to reopen was not. It was done just to, you know, in the last minute, so there was no chance to gather, you know, sufficient data to support. Well, the thing about it is the decision that ultimately came down said he applied on the basis that he was an unmarried son. He wasn't, as he concedes. He was married. Correct. He requested a relief in the form of a waiver, but there's no documentation whatsoever to support the application for a waiver. That's why he lost. Now, the way that it got closed down was in the earlier oral decision. The judge says when the lawyer doesn't show up, I would set this to another date that you've given me no confidence whatsoever that this application has been prepared for hearing on the merits today, and I have no good cause to continue the case for that reason. But then the critical words. The judge says at line 25, but it's not over. As I indicated to you, you have two options now. You can file a motion to me to either reconsider or reopen this case based on evidence showing why your attorney wasn't here today and also evidence showing why this application wasn't supplemented with information to support it. And then he gives them all kinds of assurance that he's going to do it right away. It looks like the judge is falling all over himself to grant relief here. And the other option he gives them is appeal. So that's your marching orders, 30 days, give me a reason why the lawyer wasn't here, and give me evidence showing why the motion wasn't supplemented. And the motion to reopen comes in, new lawyer, timely motion to reopen, and it gives neither. It doesn't explain why the attorney wasn't there, and it doesn't offer evidence showing why the application wasn't supplemented with information to support it, and it also includes no information to support it. And to this day, we still don't have documentation to support it. So all we know is the guy wanted a waiver, he wasn't prepared to proceed at his hearing, and he never has shown any documentation to support why he should get a waiver or why his lawyer didn't show up at the hearing. But at that time, you know, the question was whether there will be substantial justice, you know, to proceed on a miss. And he never actually gave an opportunity. Maybe it was testimony we could supplement. And in fact, the same judge ---- Kagan. I'd like to change the question for a minute. You're out of time, or almost out of time. You have raised the issue of voluntary departure. You have filed for a stay of voluntary departure, which hasn't been ruled on? Correct. Okay. So you have filed a stay motion. It hasn't been acted upon. Is that where we are? That's right. Okay. And the same judge, you know, at the same hearing said that with that kind of representation and he referring to his attorney, you know, just reinforcing, you know, that he ---- No, I don't know the lawyer so bad. Lozada was never complied with. We never got a chance to hear from the lawyer. For all I know, Goria went into a lawyer and the lawyer said, I'll show up if you pay me $300, and he never paid the $300, and he never showed up. His testimony in the court, you know, was that the attorney called him that morning he was sick, and there was nothing to supplement. That's what Goria said. In court. No, that's true. Because usually, you know, most of those Lozada cases talk about the collusion, you know, because we want to see the attorney actually trying to bargain, get, let's say, voluntary departure or something, and later on they change the tactics. That's one of the reasons, you know, for that case, you know. Here, you know, if you look at what's happened just prior to that merits hearing, that the attorney failed to file, you know, supporting documents. And even if you look at the 601 application, I don't think that's even adequately prepared. So something was already wrong, was done prior to merits, and the judge has, you know, all the chance to see it. And of course, in his discretion, he continues that somebody else can adequately represent the client. Thank you, counsel. Members of the Court. Let me ask you first about the voluntary departure. On the voluntary departure, you have filed a response which disregards the fact that we have a pending case on the very issue, don't we? I filed the motion, yes, and I wasn't aware that it disregards the pending case. It doesn't say anything about it, but we do have a pending case, right, Desta? You asked us to rule on it, but in fact, we have a pending case on it, right? Okay. Well, any reason we shouldn't just wait for that case to be decided? No. Okay. Your judges, Berzon and Kleinfeld, you're absolutely right. There is no showing of prejudice in this case. All right. So here's my question. There definitely isn't, and I don't know why anybody was behaving this way at all. However, there is some out there, some line of cases which distinguish between ineffective assistance of counsel and no counsel and suggest that when there's no counsel, maybe you don't have to show prejudice. I don't think there are Ninth Circuit cases, but I think we've left the open issue open, but I think there are in other circuits' cases. So is this a no counsel case or ineffective assistance of counsel case? I think it's an ineffective assistance of counsel case. Why? Because he had counsel. But he had at the hearing, he had no counsel, and the judge could have just continued it. He could. But the question is, did he abuse his discretion? And secondly, he's never briefed that issue about no counsel. But I'm asking you a different question. I'm asking you. I agree it may be an abuse of discretion standard or maybe a depressive standard or who knows what it is, but I'm asking about the prejudice showing. Does the fact that he had no counsel there mean that we don't, we bypass the prejudice showing? Does the fact he didn't have counsel? No, he's supposed to show prejudice. Okay. Why? That's what I'm asking you. I want to hear about the case law that says it or doesn't say that. I would approach it differently. I can't give you a good answer, but can I give you a hook to hang your head on? Okay. Due process. Okay. The violation of due process, denial of a discretionary form of relief gives rise to a due process violation. And this is clearly discretionary relief. 237A1H is discretionary relief. And the Court has no jurisdiction, first of all, over discretionary denial. But more importantly, the denial of discretionary relief is not a deprivation of a liberty interest such that it would give rise to a due process violation. That's one of the problems with this case. It's not really on the merits, but I wanted to address. I guess it's also due process because there is no applicable Sixth Amendment right to counsel. There's just a Fifth Amendment right to due process. Correct. You're correct, Your Honor. And turning to the merits also, as we've said repeatedly, there's no showing of prejudice. And I think that's one of the problems with this case. The question is, did the I.J. Can I just say one other thing? There's another odd thing in terms of due process about this hearing, which is not only didn't he or wouldn't most I.J.'s in this circumstance have said to this guy, your lawyer's not here, I'm not going to continue it, you can represent yourself and we'll have a hearing. But he didn't do that. He did not give him the opportunity to have the hearing at that point, did he? No. Well, why isn't that a deprivation of due process? Quite aside from the counsel question. Why was it not a deprivation of due process? Because he gave him a chance to perfect his claim, and he never did. But he didn't give him a chance to just get up in the stand and tell his story. He did not, did he? No, he didn't. Well, suppose he didn't have any documents, but he got up and he said, my father is a citizen and if I don't come here, these terrible things are going to happen, and said what they were without any documents. Why couldn't he just get up and testify? He could have given him a chance. We could speculate that he could have said all sorts of things. But he wasn't – but he was not given a hearing, aside from that thing. I think he was. I would disagree, Your Honor. The judge asked him, do you have any documents? He said, I don't know. Does your attorney have any documents? I don't know. He should know whether he has documents. And all he had to show was that he had a qualifying relic. It's not that hard. And he must have given him a chance. Was he given the chance to get up on the stand and say whether he had a qualifying  I think he was. And the judge asked him, do you have any documents? We – he wasn't supposed to give testimony. But – but – Where are we looking? What page? I'm not sure, Your Honor. Oh, okay. No, I would agree, Judge, personally, I would agree. He was not given a chance to testify. Okay? He wasn't. But – He wanted to represent himself. He wanted to go forward with the hearing. Correct. But having said that, that doesn't end the question. He hasn't shown that he would have prevailed. He has to show that. There's nowhere in this record – Is just flat denied a hearing? I don't think he was denied a hearing completely. He was given a chance to perfect his claim. What do you mean by that? The question of due process doesn't mean whether he was allowed to testify. It doesn't end with that. The denial of due process issue that's before the Court today is whether or not he was given a chance to perfect his claim and whether it was unfair to deny him. If he's never shown, there's nowhere in this record that he has a – I agree with you with the caveat of it. I don't know about the no counsel, if what we're talking about is a failure, is a ineffective assistance of counsel. But what if we're talking about an absolute denial of any hearing, counseled or not counseled? I would say this is not that case. Is there a case? Why not? Because he was given a chance to at least tell the judge, and he was given a chance to reopen. In other words, denial of due – it's not the only chance he was given to perfect his claim, whether it's at this hearing or never. He was given many chances. And for this Court – Have you ever seen a case like this where the judge just cut the case off? He didn't say, all right, your lawyer's not here, represent yourself. He just stopped. Not exactly, no. The I.J. bent over backwards to help this guy. He gave him every chance. He could have gone – the Petitioner could have gone and gotten every chance. But he didn't give him every chance because he didn't give him the chance to represent himself and put on his case. But does that mean that he was ultimately denied the relief? That decision did not deny him the ultimate relief. I would agree with you if this was the only chance he had in his life to get the relief was that hearing with the I.J., then we'd have a problem. But we don't have that situation here. He was given a chance to go get another lawyer. He was given a chance to submit evidence that he had a qualifying relative. He was given a chance to file a motion to reopen. He was given a chance to file that evidence with the Board of Immigration Appeals. And he was even given a chance possibly to supplement the record before this Court to show, based on this deprivation, I would have prevailed. But it's not in this record. Notwithstanding the fact that the ultimate relief he's looking for is discretionary, notwithstanding the fact that a denial of discretionary relief is not a violation of the liberty interest, there are lines to be crossed. Subject to your questions. That concludes my argument. Thank you, counsel. Doria v. Ashcroft is submitted.
judges: Noonan, Kleinfeld, Berzon